IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION


IAN SMALL,                          :

        Petitioner,                 :

v.                                  :
                                         CIVIL ACTION 06-771-KD-M
ALBERTO GONZALES,                   :
MICHAEL CHERTOFF,
WARDEN DAVID O. STREIFF,[1]         :

        Respondents.                :


REPORT AND RECOMMENDATION


        This is an action under 28 U.S.C. § 2241 by Ian Small, a

citizen and native of Trinidad, who has been detained by the U.S.

Department of Homeland Security (Doc. 1).[2]  This action has been

referred for report and recommendation pursuant to 28 U.S.C. §

636(b)(1)(B) and Local Rule 72.1(c) and is now ready for

consideration.  The record is adequate to determine Petitioner's

claims; no evidentiary hearing is required.  It is recommended

that the instant petition be dismissed.

        In his petition, Petitioner states that he entered this

_____

        [1]Robert Gaines is no longer the Warden of the Perry County
Correctional Center.  Accordingly, pursuant to the provisions of Rule
25(d) of the Federal Rules of Civil Procedure, David O. Streiff, as
Warden of that facility, is substituted for Bateman as a proper
Respondent in this action.

        [2]Petitioner has been in the actual custody of David O. Streiff,
Warden of the Perry County Correctional Center in Uniontown, Alabama.
"Whenever a § 2241 habeas petitioner seeks to challenge his present
physical custody with the United States, he should name his warden as
respondent and file the petition in the district of confinement."
*Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

country on April 22, 1999 and asserts that he was taken into custody by agents of the U.S. Bureau of Immigration and Customs Enforcement (hereinafter *ICE*), on December 2, 2005, pursuant to a finding that he should be removed from this country (*see* Doc. 1). Petitioner maintains that he has been detained for too long and that such detention is improper (*id.* at pp. 3-4).  Small seeks release from custody (*id.* at pp. 4-5).  Petitioner filed this action on November 13, 2006 (Doc. 1).

Respondents subsequently filed a Response, stating that Petitioner is being detained through his own failure to cooperate with United States authorities (Doc. 10).  More specifically, Respondents assert that Small has filed a Motion to Stay with the Second Circuit Court of Appeals which is delaying his removal (Doc. 10, p. 2).  Respondents argue that Petitioner's confinement is proper, in light of his delaying the legal process, and that this action should be dismissed (*id.* at pp. 2-4).

The evidence of record demonstrates that Petitioner was ordered removed from this country by a U.S. Immigration Judge on May 30, 2006 following a finding that Small had been convicted of selling cocaine and that he had entered this country illegally (*see* Doc. 10, Exhibit A).  On September 6, 2006, Petitioner filed a Motion for a Stay of Removal with the U.S. Court of Appeals for the Second Circuit (Doc. 10, Exhibit C).

The United States Supreme Court, in *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001), held that 28 U.S.C. § 2241 confers

2

jurisdiction on federal courts to entertain actions such as this. In interpreting 8 U.S.C. § 1231,[3] the *Zadvydas* Court held that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention."  *Zadvydas*, 533 U.S. at 689.  The Court went on to hold that "six months [was] a presumptively reasonable period of

---

[3]The Court notes that 8 U.S.C. § 1231, entitled "Detention and removal of aliens ordered removed," states, in pertinent part, as follows:

    (a) Detention, release, and removal of aliens ordered removed
        (1) Removal period
            (A) In general
                Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
            (B) Beginning of period
                The removal period begins on the latest of the following:
                    (i) The date the order of removal becomes administratively final.
                    (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
                    (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.
            (C) Suspension of period
                The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C.A. § 1231.

time to detain a removable alien awaiting deportation" pursuant to § 1231. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002). The *Zadvydas* Court further stated, however, that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

In *Akinwale*, the Eleventh Circuit Court of Appeals held that the six-month-period "must have expired at the time [the Petitioner's] petition was filed in order to state a claim under *Zadvydas*." *Akinwale*, 287 F.3d at 1052. The *Akinwale* Court also noted that the six-month-period could be interrupted by a petitioner's motion for a stay of deportation or removal; this interruption would necessarily include whatever time was needed for the court, to which such motion had been made, to rule. *Akinwale*, 287 F.3d at 1052 n.4.

Applying the law to the facts of this action, the Court notes that Petitioner was ordered deported on May 30, 2006. Less than four months later, Small sought a Motion to Stay in the appellate court. Though the docket history of that case does not reveal whether the motion was granted or denied (Doc. 10, Exhibit B), Respondents have asserted that "[p]ursuant to procedures of the Second Circuit, an alien will not be deported while such a stay motion is pending" (Doc. 10, p. 2). The Court cannot say that the six-month detention period had expired at the time of the filing of this petition.

4

The evidence shows that Small has obstructed the removal process, by filing a motion to stay, and that his actions have led to his continued detention.  Furthermore, Petitioner has not proven that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.  The Court finds that Small's continued detention is not improper under 8 U.S.C. § 1321(a)(1)(C).

Therefore, it is recommended that this action be dismissed and that judgment be entered in favor of Respondents Alberto Gonzales, Michael Chertoff, and David O. Streiff and against Petitioner Ian Small.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the

5

objection.  The objecting party shall submit to the
district judge, at the time of filing the objection, a
brief setting forth the party's arguments that the
magistrate judge's recommendation should be reviewed <u>de
novo</u> and a different disposition made.  It is
insufficient to submit only a copy of the original
brief submitted to the magistrate judge, although a
copy of the original brief may be submitted or referred
to and incorporated into the brief in support of the
objection.  Failure to submit a brief in support of the
objection may be deemed an abandonment of the
objection.

     A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

     DONE this 29th day of May, 2007.


                    s/BERT W. MILLING, JR.
                    UNITED STATES MAGISTRATE JUDGE